194

AMERICAN RED CROSS, et al *v.* Billie HOGAN

CA 84-299 681 S.W.2d 417

Court of Appeals of Arkansas
Division I
Opinion delivered January 2, 1985

*Michael E. Ryburn,* for appellants.

*Whetstone & Whetstone,* by: *Zan Davis,* for appellee.

LAWSON CLONINGER, Judge. In their appeal from the decision of the Workers' Compensation Commission, appellants argue that appellee was improperly awarded benefits because she was not injured during the course and scope of her employment. They insist that the going and coming rule is applicable and that none of the exceptions apply. We agree, and we reverse the Commission's award.

Appellee was employed by appellant American Red Cross as a nurse working in a mobile unit that traveled to various locations for the purpose of collecting blood donations. The Red Cross headquarters, at which the unit was stationed, is in Little Rock; appellee lived in North Little Rock. Ordinarily, appellee would report to the main office at 7:30 a.m. to begin work in the unit; occasionally, however, appellee would be required to meet the unit at another, more convenient, location, and from there travel in the mobile unit to the designated place of work.

On the morning of January 18, 1982, appellee was ordered to meet the mobile unit at Protho Junction in North Little Rock. From Protho Junction, appellee was to ride in the mobile unit to the Remington Arms Plant, the place of work for the day. En route to the rendezvous, appellee, while attempting to avoid a collision with a skidding truck, ran into a telephone pole and was injured. Appellants accepted her claim initially and made payments for over a year. When the matter was brought before an administrative law judge, the question was resolved in favor of appellee. The Workers' Compensation Commission subsequently adopted the law judge's opinion in affirming his decision.

Appellants contend that the going and coming rule precludes compensation for appellee. Injuries sustained by employees while going to and returning from their regular place of employment are not, as a general rule, deemed to arise out of and in the course of employment within the meaning of the Workers' Compensation Law. *Ark. Power & Light Co.* v. *Cox,* 229 Ark. 20, 313 S.W.2d 91 (1958). The rationale for the going and coming rule is the fact that all

persons, including employees, are subject to the recognized hazards of travel to and from work in a vehicle. In *City of Sherwood* v. *Lowe,* 4 Ark. App. 161, 628 S.W.2d 610 (1982), we stated:

> In order for the injury to be compensable, the employee must fall within one of the exceptions to the 'going and coming' rule. . . .There are numerous exceptions to the 'going and coming' rule: (1) where an employee is injured while in close proximity to the employer's premises; (2) where the employer furnishes the transportation to and from work; (3) where the employee is a traveling salesman; (4) where the employee is injured on a special mission or errand; and (5) when the employer compensates the employee for his time from the moment he leaves home until he returns home. (Citation omitted).

The Commission held that the going and coming rule did not apply in the present case because (1) American Red Cross was aware of the hazards to which appellee was subjected; (2) American Red Cross had provided transportation because of the dangerous road conditions on at least one occasion a few days before appellee's injury; and (3) appellee went on the Red Cross payroll from the time the mobile unit left the Little Rock headquarters.

In considering a claim, the Workers' Compensation Commission must follow a liberal approach and draw all reasonable inferences favorably to the claimant. To further the beneficent and humane purposes of the Workers' Compensation Law, all doubtful cases should be resolved in favor of the claimant. *Central Maloney, Inc.* v. *York,* 10 Ark. App. 254, 663 S.W.2d 196 (1984). In the instant case, appellee's testimony regarding the time she went upon the Red Cross payroll was somewhat inconsistent: at one point she stated that she was paid from the time the mobile unit left the Little Rock center, and at another she said that she would have been paid only from the time she would have entered the mobile unit. The Commission, however, in accepting the former version of appellee's testimony, we believe, failed to consider the explanation later made by

appellee with regard to the apparent conflict in her testimony. The following testimony of appellee on cross examination clearly indicates that appellee was not on the Red Cross payroll at the time of the accident:

Q. Were you an hourly worker? Were you paid wages by the hour?

A. Yes, sir, by the hour.

Q. What time did your hourly wages start? When would they start?

A. From the time the mobile left the unit, left the Center.

Q. Are you talking about from the time you reached the mobile site?

A. I'm talking about — No, I'm talking about from the time you would leave the Center, or wherever you were picked up, see, your hours would start. You got traveling time.

Q. So in other words, you were supposed to meet these nurses at Protho Junction, is that right?

A. Right. Yes sir.

Q. And Protho Junction to Remington you would have been paid?

A. Right, you'd been paid for your half hour traveling time, yes, sir.

Q. But you weren't paid from your house to Protho Junction?

A. No, sir.

The employer was aware of the hazardous driving conditions on the day of the accident, but appellee was

subject to no risks not common to all others on the streets and highways. There was no substantial evidence to support a conclusion that a customary practice of providing transportation during inclement weather had been established, although the employer had, on at least one occasion, provided transportation.

We reluctantly arrive at the conclusion that appellee was going from her home to the point, Protho Junction, where her employment would begin, and that she has not brought herself within one of the heretofore recognized exceptions to the going and coming rule. We decline to further extend the rule.

Reversed.

CRACRAFT, C.J., and CORBIN, J., agree.