# OLSTEN KIMBERLY QUALITY CARE *v.* Cheri PETTEY

97-13                                              944 S.W.2d 524

Supreme Court of Arkansas
Opinion delivered May 5, 1997

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Frank B. Newell*, for appellants.

*The Whetstone Law Firm, P.A.*, by: *Robert H. Montgomery*, for appellee.

DONALD L. CORBIN, Justice. Appellant Olsten Kimberly Quality Care appeals the decision of the Arkansas Workers' Compensation Commission holding that Appellant is liable for benefits to its employee, Appellee Cheri Pettey, for injuries she sustained in an automobile accident on April 21, 1994. The Arkansas Court of Appeals affirmed the Commission's decision. *Olsten Kimberly Quality Care v. Pettey*, 55 Ark. App. 343, 934 S.W.2d 956

(1996). We granted Appellant's petition for review of that decision pursuant to Ark. Sup. Ct. R. 1-2(e) (as amended by *per curiam* July 15, 1996). When we grant review following a decision by the court of appeals, we review the case as though the appeal was originally filed with this court. *Stucco Plus, Inc. v. Rose*, 327 Ark. 314, 938 S.W.2d 556 (1997). We affirm the decision of the Commission.

The Commission's opinion together with the parties' stipulations reveal the following facts. Appellee was employed by Appellant as a nursing assistant and was required to travel to the patients' homes to provide nursing services. Appellee was not required to report to Appellant's office each day, though she did take reports to and pick up supplies from Appellant's office on a regular basis. Appellee was compensated by Appellant according to the time actually spent at each patient's home. Appellee used her own vehicle to travel to the patients' homes, but she did not receive compensation for travel expenses. On April 21, 1994, Appellee was injured in a one-vehicle accident while she was traveling to the home of the first scheduled patient in Hot Springs Village. Prior to that, Appellee had reported to Appellant's office, located in the mall in Hot Springs, in order to drop off some reports and pick up supplies. After she had left Appellant's office, Appellee did some window shopping and talked to a friend before departing from the mall. Appellee then left the mall en route to her first patient's home. Two blocks from the patient's home, Appellee lost control of her automobile and overturned.

Appellee's initial claim for benefits was rejected by the administrative law judge on the grounds that her injuries did not arise out of and during the course of her employment with Appellant and that Appellee was not performing "employment services" at the time of the accident. Appellee appealed the decision of the administrative law judge to the full Commission, which found in favor of Appellee.

In its opinion, the Commission acknowledged that Appellee's claim was controlled by Act 796 of 1993, which amended the Workers' Compensation Act by excluding from the definition of "compensable injury" any injuries sustained at a time when

employment services were not being performed. *See* Ark. Code Ann. § 11-9-102(5)(B)(iii) (Repl. 1996). The Commission likewise acknowledged that the amended act provides for strict statutory construction of the workers' compensation laws. *See* Ark. Code Ann. § 11-9-704(c)(3) (Repl. 1996). Act 796 did not, however, define the term "employment services." In construing the meaning and scope of that term, the Commission stated:

> [C]onsidering the ordinary and usually accepted meaning of this term in common language, we find that an employee is performing employment services when she is engaging in an activity which carries out the employer's purpose or advances the employer's interests. Obviously, an employee carries out the employer's purpose or advances the employer's interests when she engages in the primary activity which she was hired to perform. However an employee also carries out the employer's purpose or advances the employer's interests when she engages in incidental activities which are inherently necessary for the performance of the primary activity.

Furthermore, in concluding that Appellee was performing employment services at the time of her accident, the Commission held:

> However, under the prior law, employees were considered to be in the course of their employment when they were traveling if the travel was an inherent and necessary incident of a required employment activity. *Likewise, applying the amended law, we find that employees are performing employment services when they are engaged in travel which is an inherent and necessary incident of a required employment activity.* [Citations omitted.] [Emphasis added.]

Appellant appealed the decision of the Commission to the court of appeals, which affirmed on the basis that travel was an inherent and necessary incident of Appellee's required employment activity. Correspondingly, the court of appeals rejected Appellant's argument that Appellee was not performing employment services at the time of her accident because she was not being compensated either for her travel time and expenses or for her nursing duties.

In reviewing appeals from the Workers' Compensation Commission, we view the evidence and all reasonable inferences

therefrom in the light most favorable to the Commission's decision and affirm that decision when it is supported by substantial evidence. *Gansky v. Hi-Tech Eng'g*, 325 Ark. 163, 924 S.W.2d 790 (1996). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Crawford v. Pace Indus.*, 55 Ark. App. 60, 929 S.W.2d 727 (1996). The Commission's decision will be affirmed unless fair-minded persons presented with the same facts could not have arrived at the conclusion reached by the Commission. *Gansky*, 325 Ark. 163, 924 S.W.2d 790.

As was the Commission and the court of appeals, we are faced with the issue of what is meant by the term "employment services." Appellant asserts that the Commission erred in broadly defining "employment services" to encompass Appellee's injuries. Relying on the two aforementioned amendments to the Workers' Compensation Act, Appellant argues that the mandate of strict statutory interpretation and the description of those injuries which do not constitute "compensable injury" prohibit Appellee from collecting benefits from Appellant. We disagree.

Section 11-9-102(5)(A) defines "compensable injury" as "[a]n accidental injury causing internal or external physical harm . . . arising out of and in the course of employment[.]" The test for determining whether an employee was acting within the "course of employment" at the time of the injury requires that the injury occur within the time and space boundaries of the employment, when the employee is carrying out the employer's purpose or advancing the employer's interests directly or indirectly. *Pilgrims Pride Corp. v. Caldarera*, 54 Ark. App. 92, 923 S.W.2d 290 (1996).

Conversely, an employee is generally said not to be acting within the course of employment when he or she is traveling to and from the workplace. This "going and coming" rule ordinarily precludes recovery for an injury sustained while the employee is going to or returning from his place of employment. *Lepard v. West Memphis Mach. & Welding*, 51 Ark. App. 53, 908 S.W.2d 666 (1995). The rationale behind this rule is that an employee is not within the course of his employment while travel-

ing to or from his job. *Id.* There are, however, exceptions to this rule.

▮ According to Professor Larson, one of those recognized exceptions is where the journey itself is part of the service. It is well-settled law that "traveling men are generally within the course of their employment from the time they leave home on a business trip until they return, for the self-evident reason that the traveling itself is a large part of the job." 1 ARTHUR LARSON, THE LAW OF WORKMEN'S COMPENSATION § 16.01 (1996). Another example of travel being an integral part of the job is where the employee must travel from jobsite to jobsite, whether or not he or she is paid for that travel time. *Id.* § 16.23. As stated by Professor Larson:

> [T]he fact that the employee is *not* paid for his travel time does not mean that the trip was *not* in the course of employment. Payment for time is only one of the evidences that the journey itself was part of the service[.]

*Id.* (Footnote omitted.)

▮ An additional factor determinative of whether an employee's travel is within the course of employment is whether the employee is required to furnish his own conveyance. "If the employee as part of his job is required to bring with him his own car, truck or motorcycle for use during his working day, *the trip to and from work is by that fact alone embraced within the course of employment.*" *Id.* § 17.51 (emphasis added) (footnote omitted). The theory behind this principle of law is that the obligations of the job reach out beyond the premises, making the vehicle part of the employment environment and compelling the employee to submit to the everyday hazards associated with road travel, which he or she would otherwise be able to avoid. *Id.* § 17.52. Furthermore, such a situation is for the benefit of and service to the employer. *Id.*

In the case at hand, it is evident that Appellee was required by the very nature of her job description to submit herself to the hazards of day-to-day travel in her own vehicle, back and forth to the homes of her patients. As such, Appellee was acting within

the course of her employment with Appellant at the time her injuries were sustained. The fact that Appellee had yet to begin her nursing duties that day does not preclude our conclusion that she was nonetheless performing employment services at the time of the accident. Whether she was being directly compensated for her travel is not pertinent to our decision, as the facts of this case clearly demonstrate that travel was a necessary part of her employment. Further, such travel was clearly for the benefit of Appellant, as its business livelihood depended upon the in-home care of patients provided by its nursing assistants. We are persuaded by the reasoning offered by the court of appeals:

> Although we recognize that the appellee was not directly compensated for driving to patients' homes, the payment of compensation is not conclusive to the question of whether employment services are being performed. For example, many workers, such as salesmen, are paid on the basis of commissions, but it is abundantly clear that a salesman who is attempting to make a sale is performing an employment service without regard to whether his attempt is successful.
>
> It is likewise clear that delivering nursing services to patients at their homes is the *raison d'être* of the appellant's business, and that traveling to patients' homes is an essential component of that service.

*Olsten Kimberly Quality Care*, 55 Ark. App. at 346, 934 S.W.2d at 958.

Based upon the foregoing reasons, we affirm the decision of the Commission to award benefits to Appellee.

GLAZE, J., not participating.