## Michael D. COOPER v. HILAND DAIRY

CA 99-740 11 S.W.3d 5

Court of Appeals of Arkansas
Division IV
Opinion delivered February 23, 2000
[Petition for rehearing denied April 5, 2000.]

*Lawrence W. Fitting, P.A.*, by: *Lawrence W. Fitting*, for appellant.

*Bassett Law Firm*, by: *Curtis L. Nebben*, for appellee.

ANDREE LAYTON ROAF, Judge. Michael Cooper appeals a decision of the Workers' Compensation Commission, which denied his claim for benefits. The Commission found that Cooper failed to prove by a preponderance of the evidence that he sustained a compensable injury. On appeal, Cooper argues that: (1) there is not substantial evidence to support the Commission's decision; and (2) the Commission's reversal of the Administrative Law Judge, who saw and heard the witnesses, based on credibility of the witnesses constitutes the denial of due process and fundamental fairness under the United States and Arkansas Constitutions. We agree that there is not substantial evidence to support the Commission's decision, and reverse and remand for an award of benefits, and do not address Cooper's constitutional argument.

Michael Cooper was hired by Hiland Dairy as a milk processor, where he had worked as a night supervisor for about twelve years. Cooper testified that on November 14, 1996, an overhead

hopper jammed causing empty milk cartons to back up, which required him to hurriedly climb a ladder to unjam the hopper. According to Cooper, the ladder was "awkward"; he could not ascend or descend in an upright manner, but instead had to duck or jerk himself up. After descending the ladder, he stated that he felt stiffness in his back and when he stretched his back to loosen the stiffness, he felt sudden pain in his back and stinging in his legs.

Cooper stated that the injury occurred on a Friday night about 1:00 a.m. and he was going home at 1:30 a.m. so he did not call his supervisor, Danny Spradling, and wake him up to report the injury. On the following Monday, Cooper saw a chiropractor who told him he needed to see a physician. Cooper first saw a physician, Dr. Cole, on December 2, 1996. Dr. Cole referred him to Dr. Landherr, a neurosurgeon, who first saw Cooper on December 17, 1996. Cooper was diagnosed as having a herniated thoracic disc and, after Cooper's legs became increasingly paralyzed, Dr. Landherr performed a surgical laminectomy on February 5, 1997. Cooper had approximately three months of temporary total disability and was assigned a nine percent permanent physical impairment to the body as a whole.

The Administrative Law Judge ("ALJ") determined that Cooper's back injury was compensable and ordered Hiland Dairy to pay for all reasonable and necessary medical expenses, temporary total disability benefits from December 15, 1996, through March 16, 1997, permanent physical impairment benefits in the amount of nine percent to the body as a whole, and attorney's fees. Hiland Dairy appealed the decision of the ALJ to the Full Commission as to all issues, and Cooper cross-appealed as to the percentage of the permanent physical impairment assessment. The Commission found that because Cooper's testimony was not credible as to how the injury occurred, he failed to prove by a preponderance of the evidence that he sustained a compensable injury. This appeal followed.

We first consider Cooper's argument that there is not substantial evidence to support the Commission's decision. The Commission based its decision solely on the fact that Cooper reported to his supervisor, Danny Spradling, that his pain commenced while he was "just stretching" and that he likewise told his medical providers

that he felt the onset of pain while "stretching," and when "raising arms over head and stretching." The Commission stated:

> Consistently absent from each of these reports of injury is an indication that claimant was working or performing employment services at the time he stretched and developed an acute onset of pain. It was not until after claimant's claim for benefits was denied and after he retained an attorney that the first appearance of any activities associated with work first appeared as a cause of claimant's pain.... In our opinion, the question is not whether claimant was performing employment services at the time of his injury, rather the issue is whether claimant's hearing testimony of developing a stiff back caused by work which required stretching is credible.... Since we find story is not believable, we further find that claimant has failed to prove by a preponderance of the evidence that his work required the stretching which resulted in the acute onset of pain which eventually required surgery.

The Commission concluded that Cooper's testimony that he developed stiffness in his back upon climbing and descending a ladder lacked credibility and, consequently, that he failed to prove by a preponderance of the evidence that his work required the stretching which resulted in the acute onset of pain and subsequent injury.

██ ██ When the Commission denies coverage because the claimant failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *Frances v. Gaylord Container Corp.*, 69 Ark. App. 26, 9 S.W.3d 550 (2000). In determining the sufficiency of the evidence to sustain the findings of the Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Weldon v. Pierce Bros. Constr.*, 54 Ark. App. 344, 925 S.W.2d 179 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case *de*

*novo. Tyson Foods Inc. v. Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988).

 The Commission is not required to believe the testimony of the claimant or any other witness. *Patterson v. Frito Lay, Inc.*, 66 Ark. App. 159, 992 S.W.2d 130 (1999). The testimony of an interested party is always considered to be controverted. *Continental Express v. Harris*, 61 Ark. App. 198, 968 S.W.2d 811 (1998). Even though the Commission is insulated to a certain degree from appellate review, its decisions are not insulated to the degree it would make appellate review meaningless. *Patterson, supra.* Furthermore, benefits are not always denied to a claimant who has been untruthful. *Boyd v. General Industries*, 22 Ark. App. 103, 733 S.W.2d 750 (1987).

 We have often said that the determination of the credibility of the witnesses and the weight to be given their testimony are matters exclusively within the province of the Commission. *Patterson, supra.* However, the Commission is not totally insulated from judicial review. *Jordan v. J.C. Penney Co.*, 57 Ark. App. 174, 944 S.W.2d 547 (1997). The Commission may not arbitrarily disregard the testimony of any witness. *Boyd v. Dana Corp.*, 62 Ark. App. 78, 966 S.W.2d 946 (1998).

Here, Cooper's version of how the injury occurred does not in any way conflict with his initial reports to the medical providers and to his supervisor. Cooper had completed seven hours of his late night shift on a high-speed production line, consistently reported that he felt pain after stretching, but explained that he did not recall if he went into much detail about unjamming the hopper when first reporting the incident to his supervisor, and stated that he "was sure he did say something about it."

Spradling, who was plant supervisor for Hiland Dairy for twelve years, testified that he and Cooper had a good working relationship for twelve years and that Cooper was responsible for everything as supervisor at night. Spradling further opined that Cooper was trusted at the business and that he had never known him to deal with him dishonestly. Significantly, although Spradling testified that he remembered Cooper reporting the injury and stating that it occurred while stretching, he did not remember if

Cooper told him about feeling stiffness in his back after climbing down from the hopper, but did not deny that he did so.

■ With regard to the issue of credibility, the Commission is limited to reviewing the record, as are we, and thus the demeanor of the witnesses is not an issue. In this instance, we have Cooper's testimony that is entirely consistent with the medical records, and is uncontradicted by his supervisor, who testified favorably about Cooper's trustworthiness. We do not believe from the record before us that reasonable minds could reach the Commission's conclusion to deny this man benefits based solely on the basis of credibility, where there is no real conflicting evidence or testimony in the record.

■ Because we are reversing and remanding for an award of benefits, it is not necessary for us to address Cooper's constitutional issue. However, we note that the issue has not been preserved for our review because it was not raised in any fashion to the Commission. We recognize that it is unrealistic to expect a claimant to raise this issue to the ALJ, or to the Commission if the claimant has won at the ALJ level and the employer appeals the award. However, a claimant must first raise a constitutional issue to the Commission and obtain a ruling in order to preserve the issue for appellate review, even where the Commission has reversed the ALJ's award of benefits, as occurred in Cooper's case. We have said that this can be done by filing a motion for reconsideration. *See Johnson v. Hux*, 28 Ark. App. 187, 772 S.W.2d 362 (1989). Reversed and remanded for an award of benefits.

ROBBINS, C.J., and STROUD, J., agree.