Dayne BELL (Deceased), Bobby Bell, and
Vanessa Walker *v.* TRI-LAKES SERVICES and
Bituminous Insurance Company

CA 01–412                                         61 S.W.3d 867

Court of Appeals of Arkansas
Division III
Opinion delivered November 28, 2001

*Patton & Tidwell, LLP*, by: *Christie Gunter Adams*, for appellants.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Randy P. Murphy*, for appellees.

JOHN B. ROBBINS, Judge. Dayne Bell was employed by appellee Tri-Lakes Services when he died in a motor-vehicle accident on August 30, 1999. Dayne's parents, appellants Bobby Bell and Vanessa Walker, filed a workers' compensation claim seeking medical and funeral expenses. After a hearing, the Commission found that Dayne's death was not compensable because they failed to prove by a preponderance of the evidence that Dayne was performing employment services at the time of the fatal accident. The appellants argue that this ruling was erroneous. We agree, and we reverse and remand for an award of benefits.

Where a claim is denied because the claimant has failed to show entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires us to affirm the Commission if its opinion displays a substantial basis for the denial of relief. *Stephenson v. Tyson Foods, Inc.*, 70 Ark. App. 265,

19 S.W.3d 36 (2000). In determining the sufficiency of the evidence, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Cooper v. Hiland Dairy*, 69 Ark. App. 200, 11 S.W.3d 5 (2000). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Bobby Bell testified at the hearing. He stated that Dayne had worked as a laborer for Tri-Lakes Services for three weeks and a day prior to his death. Tri-Lakes Services has several job sites throughout the southern United States, and for the first three weeks of his employment Dayne worked in Bastrop, Louisiana. Dayne lived in DeQueen, Arkansas, and stayed in Louisiana during his assignment in that state.

August 30, 1999, was Dayne's first day to work in Valliant, Oklahoma, which according to Mr. Bell is about an hour's drive from DeQueen. On that evening, Mr. Bell received a telephone call from Dayne's supervisor, Greg Winer, who told him that Dayne had been involved in an accident shortly before noon. Mr. Winer explained to Mr. Bell that he had sent Dayne to Tri-Lakes' shop in Gillham, Arkansas, to retrieve some tools for a job in DeQueen. Dayne was driving his personal truck at the time of the accident, which occurred between Valliant and DeQueen. Mr. Bell testified that Gillham is near DeQueen and that, to get to Gillham, Dayne's travel would have taken him through DeQueen.

John Helms, Jr., president of Tri-Lakes Services, testified that his employees do not travel on a daily basis, although travel is occasionally required. He further testified that employees are not compensated for travel expenses. On the morning of August 30, 1999, he directed Mr. Winer to report to the shop in Gillham and load equipment for a job in DeQueen that was to begin the next day. Mr. Winer then sent Dayne to Gillham to assist in the loading process, and Mr. Winer followed about thirty minutes later.

Prior to being sent to Gillham, Dayne had already worked several hours in Valliant. Mr. Helms testified that sometimes employees are directed to travel from one site to another on the same day, and that had Dayne refused to go to Gillham "he would have been out of line." Mr. Helms indicated that it could have taken as long as three or four hours for Dayne to complete his assignment of loading tools. If Dayne had completed the assignment, he would have been given the option to either finish the work day doing odd jobs around the shop, or go home. The task of loading tools was a

necessary job, and since Dayne did not load the tools, Mr. Helms did it himself.

Mr. Helms stated that employees are expected to work at least ten hours per day. However, based on payroll records Dayne was paid for only four hours on the day of the accident. Mr. Helms testified, "Based on what I know, his workday had ended in Valliant, Oklahoma."

■ The appellants argue on appeal that the Commission erred in denying compensability based on its finding that Dayne was not performing employment services at the time of his death. Arkansas Code Annotated section 11-9-102(5)(A)(i) (Repl. 1996) defines a compensable injury as, "An accidental injury causing internal or external physical harm . . . arising out of and in the course of employment and which requires medical services and results in disability or death." Excluded from the definition of "compensable injury" are any injuries sustained at a time when employment services were not being performed. *See* Ark. Code Ann. § 11-9-102(5)(B)(iii) (Repl. 1996). The test for determining whether an employee was acting within the "course of employment" at the time of the injury requires that the injury occur within the time and space boundaries of the employment, when the employee is carrying out the employer's purpose or advancing the employer's interests, directly or indirectly. *Olsten Kimberly Quality Care v. Pettey,* 328 Ark. 381, 944 S.W.2d 524 (1997). The appellants submit that Dayne was acting within the course of his employment and carrying out his employer's interests at the time of the accident, and that therefore the accident was compensable. The appellants' argument has merit.

In *Olsten Kimberly Quality Care v. Pettey, supra,* the appellee was employed as a nursing assistant and was required to travel in her own vehicle to patients' homes to provide nursing services. She was involved in an automobile accident while traveling to the home of the first scheduled patient for the work day, and the accident was found by the Commission to be compensable. Notwithstanding the fact that the appellee was not compensated for her travel time, the supreme court affirmed the Commission's decision. In holding that the appellee was performing employment services, the supreme court relied on the fact that the travel was a necessary part of appellee's employment and that the travel was clearly for the benefit of her employer.

In *Crossett Sch. Dist. v. Fulton*, 65 Ark. App. 63, 984 S.W.2d 833 (1999), the appellee was a school teacher who arrived at work and began her duties of supervising children before school. Before the bell rang to begin school, she was given an assignment that involved reading instructions in fine print, so she left the building to retrieve reading glasses from her car. On the way back to the building, she slipped on ice and was injured, and the Commission found the injury to be compensable. We affirmed, holding that the appellee was performing employment services because she had already begun working and was taking efforts to complete an assignment when the injury occurred.

In the instant case, as in *Olsten Kimberly Quality Care v. Pettey*, *supra*, the claimant was required to travel for the benefit of his employer. Moreover, as in *Crossett Sch. Dist. v. Fulton, supra*, the claimant's accident occurred after he began his employment duties that day but before the work day was scheduled to end.

This case is distinguishable from other automobile accident cases where compensation was denied. In *Campbell v. Randal Tyler Ford Mercury, Inc.*, 70 Ark. App. 35, 13 S.W.3d 916 (2000), the appellant had taken paperwork home with him over the weekend, and on the following day he died in a one-vehicle accident on his way to work. We affirmed the denial of compensability noting that he was not required by his employer to take work home and he had not yet reported to work at the time of the accident. In *Coble v. Modern Business Sys.*, 62 Ark. App. 26, 966 S.W.2d 938 (1998), the appellant reported for work and during her lunch break drove to a nearby mall to purchase panty hose after discovering a run in her hose. She was involved in an accident while on this errand and sought benefits. We held that there was substantial evidence to support the Commission's finding that the appellant was not engaged in employment services because there was evidence that she was not required, or even expected, to replace hosiery during the work day.

In the case at bar, Dayne was required to travel to Gillham for the purpose of loading tools, and would have been out of line had he refused. And, unlike the situation in *Coble v. Modern Business Sys., supra*, he was not on his way to begin work but rather had started working hours earlier.

The appellee argues that the accident was not compensable, in part, because Dayne was not being compensated during his travel time. While this is a factor to be considered in determining

whether employment services are being performed, *see Matlock v. Arkansas Blue Cross Blue Shield,* 74 Ark. App. 322, 49 S.W.3d 126 (2001), the fact that the employee is not compensated during travel is not dispositive pursuant to our precedent in *Olsten Kimberly Quality Care v. Pettey, supra.* Moreover, it is not clear from the record that Dayne was not paid for his travel time. His supervisor testified that Dayne left Valliant at 10:30 a.m., but was paid until 11:00 a.m., and appellee's president acknowledged that Dayne was paid through 11:00 a.m. and stated only that, "Based on what I know, his workday ended at Valliant, Oklahoma." Nevertheless, our disposition of this case does not depend on whether or not Dayne was being paid for his travel in light of the other circumstances.

■ The appellee also suggests that Dayne was not performing employment services because his job did not normally require travel, noting that the first time he was requested to travel during work was on the day of his death. In *Arkansas Dep't of Correction v. Glover,* 35 Ark. App. 32, 812 S.W.2d 692 (1991), we held that employment is not limited to that which the person was hired to do; whatever the normal course of employment may be, the employer and its supervisory staff have it within their power to enlarge the course of the employment by assigning tasks outside the usual scope of the employment. Whether an employer requires an employee to do something has been dispositive of whether the activity constituted employment services. *Ray v. University of Arkansas,* 66 Ark. App. 177, 990 S.W.2d 558 (1999). It is thus irrelevant whether or not Dayne's normal work duties involved travel; on the day of the accident that is what his employer required of him.

■ The accident occurred within the time and space boundaries of Dayne's employment, and at a time when he was advancing the appellee's interests. We hold that the Commission's opinion does not display a substantial basis for the denial of relief and that the Commission erroneously found that Dayne was not performing employment services at the time of his death.

Reversed and remanded for an award of benefits.

NEAL and CRABTREE, JJ., agree.