Lyle SWEARENGIN *v.* EVERGREEN LAWNS and
Farmer's Insurance Company, Inc.

CA 03-343                                                    145 S.W.3d 830

Court of Appeals of Arkansas
Division IV
Opinion delivered February 11, 2004

[Rehearing delivered March 3, 2004.]

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for appellant.

*Huckabay, Munson, Rowlett & Moore, PA*, by: *Carol Lockard Worley* and *Sarah E. Greenwood*, for appellee.

TERRY CRABTREE, Judge. The Workers' Compensation Commission affirmed the decision of an administrative law judge finding that the appellant, Lyle Swearengin, failed to prove that he suffered a compensable injury because his injury did not occur while performing employment services. On appeal, appellant claims that substantial evidence does not support the Commission's decision. We affirm.

In reviewing decisions from the Workers' Compensation Commission, the appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Carman v. Haworth, Inc.*, 74 Ark. App. 55, 45 S.W.3d 408 (2001). Substantial evidence exists if reasonable minds could reach the same conclusion. *Daniels v. Arkansas Dep't Human Servs.*, 77 Ark. App. 99, 72 S.W.3d 128 (2002); *Lee v. Dr. Pepper Bottling Co.*, 74 Ark. App. 43, 47 S.W.3d 263 (2001). When a claim is denied because the claimant has failed to show an entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for

the denial of relief. *Clardy v. Medi-Homes LTC Serv. LLC*, 75 Ark. App. 156, 55 S.W.3d 791 (2001).

At the time of the accident the appellee, Evergreen Lawns, Inc., employed appellant as a supervisor in its landscaping business. Appellant testified that on July 20, 2001, he and other individuals had been working on a landscaping job at McDonald's on Thompson Street in Springdale, Arkansas. Appellant stated that he left McDonald's and took Santos, a laborer, to appellee's shop in north Springdale to clock out and then took him home. After taking Santos home, appellant drove to Fayetteville to purchase materials for the next day. According to appellant, he then drove to the home of Bob Bowen, appellee's owner. Appellant picked up Mario, another laborer, at the Bowen residence and then delivered the materials to McDonald's. Next, appellant and Mario drove to appellee's shop for Mario to clock out. Appellant then volunteered to give Mario a ride home. After appellant left Mario at his residence, appellant traveled toward his home. While in the process of driving home, appellant's vehicle was struck from behind by another vehicle at a traffic signal. As a result, appellant suffered injuries.

Arkansas Code Annotated section 11-9-102(4)(A) (Supp. 2001) defines "compensable injury" as "[a]n accidental injury causing internal or external physical harm to the body . . . arising out of and in the course of employment." Section 11-9-102(4)(B)(iii) provides that the term "compensable injury" does not include an injury that was inflicted upon the employee at a time when employment services were not being performed. The statute does not define the phrase "in the course of employment" or the term "employment services." The supreme court has held, however, that we are to use the same test to determine whether an employee was performing "employment services" as is used when determining whether an employee was acting within "the course of employment." *Collins v. Excel Specialty Prods.*, 347 Ark. 811, 69 S.W.3d 14 (2002). The test is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. *Id. See also Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002).

An employee is generally said not to be acting within the course of employment when he or she is traveling to and from the workplace. *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381,

944 S.W.2d 524 (1997); *Daniels, supra.* Thus, the going-and-coming rule ordinarily precludes recovery for an injury sustained while the employee is going to or returning from work. *Woodard v. White Spot Café,* 30 Ark. App. 221, 785 S.W.2d 54 (1990).

We agree with the Commission that, pursuant to the going-and-coming rule, appellant was not within the course and scope of his employment at the time of his accident. Appellant agreed that when the accident occurred he was "finished for the day" and "done with all [his] work." He testified that he drove Mario to his home as a favor and not because it was part of his job.

■ In any event, appellant's accident did not occur while he was taking Mario home. Instead, the accident occurred at 6:11 p.m. after appellant left Mario at his home and while appellant was traveling to his own residence. At the time of the accident, appellant was within blocks of his home and was like any other employee who was traveling home from a job. Therefore, the going-and-coming rule precludes appellant's recovery as his accident occurred while he was simply traveling home.

■■ However, we recognize that there are exceptions to the going-and-coming rule. These exceptions are outlined in *Jane Traylor, Inc. v. Cooksey,* 31 Ark. App. 245, 247, 792 S.W.2d 351, 352 (1990):

> (1) where an employee is injured while in close proximity to the employer's premises; (2) where the employer furnishes the transportation and to and from work; (3) where the employee is a traveling salesman; (4) where the employee is injured on a special mission or errand; and (5) when the employer compensates the employee for his time from the moment he leaves home until he returns home.

Appellant claims that the second exception applies in this instance. He maintains that this exception is applicable because it was undisputed that appellant's employer provided him transportation to and from work by furnishing him a truck for this purpose. However, the "furnishing transportation" exception to the going-and-coming rule does not apply when the transportation is furnished solely as a gratuity. *Lepard v. West Memphis Mach. & Welding,* 51 Ark. App. 53, 908 S.W.2d 666 (1995); *but see Hightower v. Newark Pub. Sch. Sys.,* 57 Ark. App. 159 (1997). However, transportation provided by an employer is likely not gratuitous if the employer gains the benefit. *See Lepard, supra.*

Here, Bob Bowen testified that he regularly allowed appellant to drive a company vehicle home at night "to allow him ease to get back and forth to work" because appellant and his wife had only one vehicle. At the hearing, appellant offered no testimony regarding how appellee would benefit from appellant driving a company vehicle to and from work. Yet, appellant argues in his brief that appellee benefitted from appellant driving the truck. On appeal, he asserts that in the mornings he could drive appellee's truck directly to the work site rather than wasting time driving in his own vehicle to appellee's shop to pick up appellee's truck. We will not speculate regarding any benefit that appellee might have gained by appellant driving a company vehicle.

The Commission chose to believe the testimony offered by Bowen and found that the vehicle was furnished to appellant purely as a gratuity. The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Farmers Coop. v. Biles*, 77 Ark. App. 1, 69 S.W.3d 899 (2002). The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Id.* We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Wal-Mart Stores, Inc. v. Sands*, 80 Ark. App. 51, 91 S.W.3d 93 (2002).

We find this case similar to *Lepard, supra.* In *Lepard*, we stated:

> [T]he company truck was supplied by the employer as a pure gratuity, with no benefit accruing to the employer. The use of the truck was not part of Mr. Lepard's compensation and he was never "on call" during the two months that he was driving the truck. He was simply able to use the truck to get back and forth to work because he and his wife had only one vehicle and his employer chose to help him with his problem, without the expectation of anything in return.

*Id.* at 56, 105 S.W.3d at 669. In this instance, Bowen testified that he provided the vehicle merely as a gratuity to appellant as he and his wife owned only one car. Bowen expected nothing in return for allowing appellant to drive the truck. In fact, Bowen allowed appellant to use a credit card for gasoline expenses. Based upon Bowen's testimony,

the Commission concluded that appellee provided appellant with transportation as a gratuity to appellant rather than for a benefit to appellee. As such, we believe that the Commission's decision displays a substantial basis for the denial of relief, and we affirm.

BIRD and GRIFFEN, JJ., agree.