Michael FARLER *v.* CITY of CABOT
and Arkansas Municipal League

CA 05-1212                                                  234 S.W.3d 352

Court of Appeals of Arkansas
Opinion delivered April 26, 2006

[Rehearing denied June 14, 2006.]

*Caldwell Law Firm, P.A.*, by: *Andy L. Caldwell*, for appellant.

*J. Chris Bradley*, for appellees.

SAM BIRD, Judge. Michael Farler appeals a decision of the Worker's Compensation Commission that denied his claim for multiple injuries sustained in an automobile accident on January 13, 2004. He contends that his claim was compensable because it fell within an exception to the "going and coming rule." Appellee City of Cabot, who was Farler's employer at the time of the accident, and appellee Arkansas Municipal League, the City's insurance carrier, contend that this case does not fall within any such exception; further, they contend that Farler was not in the course of his employment and was not providing employment services when the accident occurred. We agree with appellees, and we affirm the Commission's decision.

At the hearing before the administrative law judge, Farler testified that he was employed by the City of Cabot as an operator at the water treatment plant. His duties included maintaining six wells "within a mile and a half of the . . . plant, off of Highway 236," and responding to "call outs" for such things as water quality complaints, computer problems, and electronic failures. The City provided him with a truck, cell phone, pager and laptop computer; he used the truck to answer the call outs and to check the wells. His work weeks began on Saturdays, and he sometimes had "on call duty" Saturday and Sunday. Monday was his day off, but he was on call Monday night. He received extra pay of twenty-five dollars each day of his weekend call, whether or not he actually was called out to work, and on weekdays he was paid an additional two hours for being on call at night.

Farler testified that his accident occurred on Tuesday, January 13, 2004, and that he had been on call the weekend before. He said that he had not gone to work on Monday because he had been sick. He testified regarding the circumstances that surrounded the vehicular accident in which he was injured:

> The Friday before the weekend I would have taken the laptop and gotten in the truck with all of the other equipment and [gone] home. I would then have gotten my pay over the weekend.

> No, I did not go to work on Monday. I was on call on Monday evening even though I did not go to work. If I had gotten a call I would have been expected to go out. If something had happened I would have been expected to monitor the system or make whatever arrangements that were necessary.

I was supposed to be on my duty station by 7:00 a.m. On Tuesday morning I was on my way to work. The accident happened at roughly ten minutes before 7:00 a.m. I was three-quarters of a mile from the water plant, turning off Highway 31 onto 236. The whole time that morning until I arrived Tuesday morning, I was on call.

Farler stated that conditions were foggy, damp, and "semi-dark." He testified, "The next thing I know, I hear tires squalling and I am being shoved sideways across the road into the telephone pole." He was hit on the driver's side by another truck, and he had to be cut out of his vehicle.

On cross-examination, Farler testified:

[A]t the time of the accident I was proceeding to this water plant from my home on Highway 31. Correct, I had not reported to work yet that particular day. On Monday after having this weekend work, I would report to work at 7:00 a.m. and I would do my regular normal duties for a Monday, Tuesday, or Wednesday. At 4:00 p.m. that afternoon I would have laptop duty. With that duty I have to be prepared to monitor certain readings at the plant. That responsibility would carry over until I drive into work at 7:00 a.m. the next day. . . .

When the accident happened, it was my week to do weekend duty and then laptop duty. It happens that I did not go to work on Monday at 7:00 a.m. because I was off sick that day. I was able to be home at four that afternoon and do any laptop work that needed doing. It wasn't until the next day, Tuesday, sometime before 7:00 a.m. that I was driving to work when the accident happened.

Farler said that he was not using his laptop or cell phone when the accident occurred, nor was he responding to a call on his pager as he traveled to work. Under questioning by the law judge, Farler testified that he routinely checked in at the plant before making his rounds to the wells.

A compensable injury is an "accidental injury . . . arising out of and in the course of employment . . . ." Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 2003). An injury is not compensable if it is "inflicted upon the employee at a time when employment services were not being performed." Ark. Code Ann. § 11-9-102(4)(B)(iii). When an employee is doing something that is

generally required by his or her employer, the employee is performing employment services. *White v. Georgia-Pacific Corp.*, 339 Ark. 474, 478, 6 S.W.3d 98, 100 (1999); *Ray v. Univ. of Arkansas*, 66 Ark. App. 177, 990 S.W.2d 558 (1999). The phrase "performing employment services" is synonymous with the phrase "acting within the course of employment," in that the test for both is whether the injury occurred within the time and space boundaries of employment, when the employee was carrying out the employer's purpose or advancing the employer's interests directly or indirectly. *Collins v. Excel Spec. Prods.*, 347 Ark. 811, 69 S.W.3d 14 (2002).

An employee traveling to and from the workplace is generally not acting within the course of employment; the going-and-coming rule ordinarily precludes recovery for an injury sustained while an employee is going to or returning from work. *Moncus v. Billingsley Logging*, 93 Ark. App. 402, 219 S.W.3d 680 (2005).[1] One rationale for this general rule is that all persons, including employees, are subject to the recognized hazards of travel to and from work in a vehicle. *See id.*; *Swearengin v. Evergreen Lawns*, 85 Ark. App. 61, 65, 145 S.W.3d 830, 832 (2004); *American Red Cross v. Hogan*, 13 Ark. App. 194, 681 S.W.2d 417 (1985). There are exceptions to the going-and-coming rule when the journey itself is part of the employment service, such as traveling men or women on business trips and employees who must travel from job site to job site. *Linton v. Arkansas Dep't of Correction*, 87 Ark. App. 263, 190 S.W.3d 275 (2004).

The decision of the Commission, adopted from the opinion of the administrative law judge, included the following discussion of exceptions to the going-and-coming rule:

> [A]n employee . . . must still be engaged in a work-related task at the time of injury.
>
> > 1) the premise exception has been eliminated. (where an employee is injured while in close proximity to the employer's premises at the time of injury). *Hightower v. Newark Public School System*, [57 Ark. App. 159, 943 S.W.2d 608 (1997).]
> >
> > 2) transportation provided by the employer does not automatically make the claim compensable, there must be a nexus or

---

[1] *Moncus* is currently under review by the Arkansas Supreme Court.

connection between the travel and employment. (transportation provided as part of compensation, transportation provided because the employee was perpetually "on call", transportation customarily supplied to all employees). *Arkansas Power and Light Company v. Cox*, 229 Ark. 20, 313 S.W.2d 91 (1958), ..., *Campbell v. Randal Tyler Ford Mercury*, 70 Ark.App. 35, 13 S.W.3d 797 (2000), *Swearingen v. Evergreen Lawns*, 85 Ark. App. 61, 145 S.W.3d 830 (2004), *Lepard v. West Memphis Machine & Welding*, 51 Ark. App. 53, 908 S.W.2d 666 (1995).

When a workman is so injured, while being transported in a vehicle furnished by his employer as an incident of the employment, he is within, "the course of his employment", as contemplated by the Act. In other words, when the vehicle is supplied by the employer for the mutual benefit of himself and the workman to facilitate the progress of *the work*, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of <u>his labor</u>. (Emphasis Added.)

3) traveling salesman
the journey is considered part of the work and injuries sustained while traveling are compensable.

The travel must be something that is required by the employer or the nature of the job, *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997), *American Red Cross v. Hogan*, 13 Ark.App. 194, 681 S.W.2d 417 (1985), *Coble v. Modern Business*, 62 Ark.App. 26, 966 S.W.2d 938 (1998).

. . . .

Arguably, the claimant falls within the second or third category, but he was still not performing a work-related task at the time of the accident.

In summary, the employee in this case is provided transportation by his employer in a job that requires travel and he is subject to being "on call", for which he receives remuneration. The Court has reminded the Commission to focus on the activity occurring at the time of injury in analyzing the compensability of the claim. *Collins v. Excel Specialty Products*, 347 Ark. 811, 69 S.W.3d 14 (2002), *Pifer v. Single Source Transportation*, 347 Ark. 851, 69 S.W.3d 1 (2002), *Wallace v. West Fraser South et al*, 90 Ark.App. 38, 203 S.W.3d 646 (2005). In the case at bar, the claimant was not "on call" at the time of the

accident, and he was not performing his duties of checking wells or responding to customers. He was merely driving to the plant. Accordingly, . . . the claimant cannot meet his burden of proof under either the "employment services" test or the going and coming rule.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Jones Truck Lines v. Pendergrass*, 90 Ark. App. 402, 206 S.W.3d 272 (2005). Substantial evidence is evidence that a reasonable person might accept as adequate to support a conclusion. *Id.* In our review, we defer to the Commission in determining the weight of the evidence and the credibility of the witnesses; a decision of the Commission is reversed only if we are convinced that fair-minded persons with the same facts before them could not reach the conclusion reached by the Commission. *Id.* The issue is not whether we may have reached a different conclusion or whether the evidence might have supported a contrary finding. *Id.* When the Commission denies benefits upon finding that the claimant failed to meet his burden of proof, the substantial-evidence standard of review requires us to affirm if the Commission's decision displays a substantial basis for the denial of relief. *Cooper v. Hiland Dairy*, 69 Ark. App. 200, 11 S.W.3d 5 (2000).

Farler contends on appeal, as he did at the hearing before the administrative law judge, that his claim was compensable as an exception to the going-and-coming rule. He directs our attention to such cases as *Moncus, supra*, and *Hogan, supra*. Citing *Swearengin, supra*, he asserts that his injury fell within the following exceptions to the going-and-coming rule: (1) the employee is injured while in close proximity to the employer's premises, (2) the employer furnishes transportation to and from work, and (3) the employee is a traveling salesman.

Farler asserts that he was injured in close proximity to the water treatment plant, that his employer furnished his transportation to and from work, and that he had to travel in order to complete the duties of his employment. He argues that although he did not work on Monday, the day before the wreck, he was on call Monday evening and would have been expected to go out had he gotten a call. He points out that he was compensated with two hours of overtime pay for being on call that day. He argues that, even though he had not reported to the plant and was not actually

traveling to one of the wells, he was clearly within the scope of his employment when the wreck occurred. He asserts that although his duties were normally confined to the water treatment plant, he often traveled outside the plant in order to carry out his employment duties in the city-provided vehicle. Thus, he concludes that his claim falls within exceptions to the going-and-coming rule.

We need not address Farler's argument that, because his vehicular accident occurred within close proximity to the water treatment plant, the injury he suffered was compensable. The Commission correctly noted that the premises exception, which previously allowed compensation for an employee injured in close proximity to the employer's premises, has been eliminated. *See Linton, supra; Hightower v. Newark Pub. Sch. Sys.*, 57 Ark. App. 159, 164, 943 S.W.2d 608, 610 (1997). *See also Srebalus v. Rose Care, Inc.*, 69 Ark. App. 142, 149, 10 S.W.3d 112, 116 (2000) (holding as a matter of law that under *Hightower, supra,* the employee's injury, which occurred in the employer's parking lot while the employee was on her way to work, was not compensable under our workers' compensation law). Act 796 of 1993 and Ark. Code Ann. § 11-9-102 redefined "compensable injury" to exclude an injury that was inflicted upon the employee "at a time when employment services were not being performed," clearly eliminating the premises exception to the going-and-coming rule. *Hightower, supra.*

We agree with Farler that the critical inquiry in this case is whether he was performing employment services when he was involved in the vehicular accident, but we are not persuaded that his injury was compensable under our workers' compensation law. There was testimony before the Commission to support its findings that Farler was not "on call" at the time of the accident, that he was not performing his duties of checking wells or responding to customers, and that he was merely driving to the water plant, which was his duty station, to begin the day's work. We therefore hold that substantial evidence supports the Commission's finding that Farler failed to prove the compensability of his claim either as the performance of employment services or as an exception to the going-and-coming rule.

Because the Commission's opinion displays a substantial basis for the denial of this claim, its decision is affirmed.

Affirmed.

NEAL and BAKER, JJ., agree.