CONTINENTAL EXPRESS *v.* William HARRIS

CA 97–1252                                                965 S.W.2d 811

Court of Appeals of Arkansas
Division II
Opinion delivered April 8, 1998

*Roberts Law Firm, P.A.* by: *Bud Roberts* and *James D. Robertson*, for appellant.

*Lane, Muse, Arman & Pullen,* by: *Donald C. Pullen,* for appellee.

SAM BIRD, Judge. Continental Express, a trucking company, appeals a decision of the Workers' Compensation Commission holding that appellee had rebutted the presumption contained in Ark. Code Ann. § 11-9-102(5)(B)(iv)(b) (Repl. 1996), and proved that the one-vehicle accident in which he was injured was not "substantially occasioned" by the use of alcohol. Appellant argues that the Commission erred in (1) interpreting and applying Ark. Code Ann. § 11-9-102(5)(B)(iv)(b); (2) finding that appellee's seizures are causally related to his employment; and (3) awarding additional temporary total disability benefits because there was not substantial evidence to show that the claimed period of total incapacitation was causally connected to the compensable injury. We affirm.

On December 21, 1994, appellee was on his way to Crossett. He testified that it was raining and foggy, that he was on a two-lane road, that he was driving about forty-five miles an hour, and that his trailer was empty when a small white car attempted to pass without adequate room and cut closely in front of him. Appellee

said that when he put on his brakes to avoid hitting the car and an on-coming vehicle, his truck jackknifed and went into a ditch.

Appellee testified that he was unconscious for a short time and awakened to find a witness asking him if he was all right. He said he crawled out of the truck, across the ditch and onto the highway where law enforcement officers were waiting. He had bruises and cuts on his head, hands, and knees. There was a twelve-pack of unopened beer in the cab of his truck, but an officer performed a field sobriety test on appellee, and appellee passed. Appellee was taken to the hospital by ambulance where he was treated for a laceration to his scalp, a neck injury, a lower back injury, and a left leg injury. Blood withdrawn at the hospital revealed that appellee's blood-alcohol content was .021%. It is unlawful to operate a motor vehicle if a person has one-tenth of one percent (0.10%) or more alcohol in his blood. Ark. Code Ann. § 10-65-103 (Repl. 1993). However, Ark. Code Ann. § 27-23-112 (Repl. 1994) provides that a commercial truck driver shall be disqualified from holding a commercial driver's license if convicted of driving a commercial vehicle with a blood-alcohol concentration of four one-hundredths of one percent (0.04%) or greater.

Appellee testified that on December 21, 1994, he and his partner had driven all night from Albuquerque, New Mexico, to Little Rock, and had arrived between 5 and 7 a.m. While waiting for a new load, appellee and his co-driver drank a couple of beers, and then appellee went to bed. Late that afternoon he was told to go pick up a load in Crossett. The accident occurred just north of Monticello. Appellee was taken to Drew Memorial Hospital in Monticello where the emergency-room report shows the time as being 7:09 p.m. The blood-alcohol report shows that appellee's blood was drawn at 7:45 p.m.

Following his release from the hospital, appellee returned to his hometown of Rayville, Louisiana, where he was treated by Dr. Charles S. Krin, a family practice physician in Rayville. Appellee began to have severe headaches, vertigo, and seizure-like episodes, in addition to his other injuries. On June 15, 1995, appellee was taken to the emergency room at Richardson Medical Center in

Rayville because he had been drinking and suffered a seizure. His blood-alcohol level was 0.28 percent. Appellee testified at the hearing that he quit drinking that day and had not had a drink since.

Appellant originally accepted the claim as compensable and paid medical expenses and temporary total disability benefits until October 30, 1995, but controverted any claim subsequent to that date. Appellee sought compensation for temporary total disability and medical expenses to the end of his healing period. Appellant raised the defense of Ark. Code Ann. § 11-9-102(5)(B)(iv)(b), which provides that the presence of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders. Section (d) states that an employee shall not be entitled to compensation unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or prescription drugs utilized in contravention of the physician's orders did not substantially occasion the injury or accident.

The administrative law judge held that the presumption had been rebutted, and the Commission affirmed and adopted his opinion. It pointed to the evidence that there was a small amount of alcohol in appellee's blood, that he was driving under the posted speed limit, that there was rain and fog, that his trailer was empty, that his truck was cut-off by a car pulling in too quickly, and that appellee was not cited for being under the influence of alcohol by the investigating officer. The Commission also found that appellee's testimony was credible, that his seizures were the result of his injury, that he remained in his healing period and totally incapacitated to earn wages as of April 18, 1996, and that he was entitled to temporary total disability benefits from October 30, 1995, through the end of his healing period.

Appellant first argues that the Commission erred in its interpretation and application of Ark. Code Ann. § 11-9-102(5)(B)(iv)(b), because it "engaged in a 'cause in fact' analysis in its interpretation of the definition of 'substantially occasioned' and

erred in its application of the facts to that standard." Appellant contends that the proper test is merely one of causation and does not equate to a "causation in fact" or a "but for" analysis but instead correlates to a "concurrent cause" analysis. As an example, appellant points to cases of joint and several liability in which concurrent acts of negligence combine to produce a single injury and "each is responsible for the entire result, *even though his act alone might not have caused it*," citing *Woodward v. Blythe*, 249 Ark. 793, 462 S.W.2d 205 (1971) [emphasis appellant's]. Appellant asserts that to the extent that the Commission required more than a "concurrent cause" analysis, its decision should be reversed and remanded so it can consider the case under a proper standard. Appellant then submits that the rebuttable presumption *establishes* that appellee's consumption of alcohol was "at least a concurrent cause" of the accident and appellee was required to prove that alcohol was not a factor by proving the existence of a superseding, intervening cause.

A statutory presumption is a rule of law by which the finding of a basic fact gives rise to the existence of a presumed fact, unless sufficient evidence to the contrary is presented to rebut the presumption. *Black's Law Dictionary* 1185 (6th ed. 1990). If evidence that is contrary to the presumed fact is presented, the determination of the existence or nonexistence of the presumed fact is a question for the trier of fact. *Ross v. Vaught*, 246 Ark. 1002, 440 S.W.2d 540 (1969); *Curtis Circulation Co. v. Henderson*, 232 Ark. 1029, 342 S.W.2d 89 (1961); *Ford & Son Sanitary Co. v. Ransom*, 213 Ark. 390, 210 S.W.2d 508 (1948); *Ball v. Hail*, 196 Ark. 491, 118 S.W.2d 668 (1938). The determination of the weight to be given a presumption is a matter within the province of the trier of fact. *Dunn v. Dunn*, 255 Ark. 764, 503 S.W.2d 168 (1973). Whether a rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *Weaver v. Whitaker Furniture Co.*, 55 Ark. App. 400, 935 S.W.2d 584 (1996); *see also Eagle Safe Corp. v. Egan*, 39 Ark. App. 79, 842 S.W.2d 438 (1992).

When reviewing a finding of fact made by the Commission, we must affirm if the Commission's decision is supported by substantial evidence. *Purolator Courier v. Chancey*, 40 Ark. App.

1, 841 S.W.2d 159 (1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Southern Steel & Wire v. Kahler*, 54 Ark. App. 376, 927 S.W.2d 822 (1996).

■ ■ Appellant argues that appellee never presented proof that there was a white car and that the only proof that he was not impaired was his own self-serving testimony. We disagree. As the Commission noted, appellee was driving between six and seven p.m. on a two-lane road under the posted speed limit, it was raining and foggy, his trailer was empty, he was cut off by another vehicle, he passed a field sobriety test administered by the investigating officer, and he was not cited for being under the influence of alcohol. The Commission found this evidence to be credible and sufficient to rebut the presumption. It is well established that the credibility of witnesses and the weight to be given their testimony are matters exclusively within the province of the Commission. *James River Corp. v. Walters*, 53 Ark. App. 59, 918 S.W.2d 211 (1996). While it is true that the uncorroborated testimony of an interested party is never considered uncontradicted, this does not mean that the fact finder may not find such testimony to be credible and believable or that it must reject such testimony if it finds the testimony worthy of belief. *Ringier Am. v. Combs*, 41 Ark. App. 47, 849 S.W.2d 1 (1993). The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Jordan v. Tyson Foods, Inc.*, 51 Ark. App. 100, 911 S.W.2d 593 (1995). Since whether a presumption is rebutted is a fact question, we must affirm the Commission unless we are persuaded that fair-minded persons, with the same facts before them, could not have reached the conclusion reached by the Commission. We think fair-minded persons could interpret the evidence as the Commission did; therefore, we affirm the Commission's finding that appellee had rebutted the presumption that the accident was substantially occasioned by the use of alcohol.

■ Next appellant challenges the Commission's finding that appellee's seizures are causally related to his employment. Appellant contends that there is no objective evidence that appel-

lee even had seizures, much less that they are the result of the accident. It takes the position that the evidence of seizures is based only on appellee's verbal history, and that Dr. Krin's reliance on a March 4, 1996, CT scan is misplaced. Appellant argues that because the March 4 CT scan was without contrast and the CT scan performed on May 9, which was both with and without contrast, showed no abnormalities, the CT scan of March 4 is erroneous. The Commission has the duty of weighing the medical evidence as it does any other evidence, *Foxx v. American Transp.*, 54 Ark. App. 115, 924 S.W.2d 814 (1996); *Brantley v. Tyson Foods, Inc.*, 48 Ark. App. 27, 887 S.W.2d 543 (1994), and its resolution of the medical evidence has the force and effect of a jury verdict. *Roberson v. Waste Management*, 58 Ark. App. 11, 944 S.W.2d 858 (1997); *McClain v. Texaco, Inc.*, 29 Ark. App. 218, 780 S.W.2d 34 (1989). When the Commission chooses to accept the testimony of a physician, the courts are powerless to reverse the Commission's conclusion in this regard. *Jones v. Scheduled Skyways, Inc.*, 1 Ark. App. 44, 612 S.W.2d 333 (1981); *Hunter Wasson Pulpwood v. Banks*, 270 Ark. 404, 605 S.W.2d 753 (Ark. App. 1980).

■ Appellant also alleges that no doctor had ever witnessed appellee in an active seizure and the medical tests did not provide definite evidence of seizures. Therefore, appellant submits, the most likely cause of appellee's alleged seizures is alcohol. We disagree. On March 3, 1996, on a history and physical when appellee was admitted to Richardson Medical Center, Dr. Krin wrote:

> We have unfortunately not been able to catch any of these seizures on work-up *except for one which was observed by myself.* We are going to go ahead and repeat his EEG while we have him in today. This episode started yesterday afternoon at which time he was noted to have tonic clonic movement of all extremities. He was postictal at the time of arrival at emergency room however he started coming out of his postictal state shortly thereafter. Loss of memory extends for at least an hour.

As to whether his seizures are attributable to his work-related accident, on December 1, 1995, Dr. Krin wrote:

> I have been following Mr. Harris for the last year since he was involved in a motor vehicle accident. He has suffered from seizures since that time, and is barred from working as a truck

driver for this reason (unable to pass the physical exam for a Commercial Driver's License with a history of seizures.)

The Commission accepted Dr. Krin's opinion regarding appellee's seizures and their etiology, and since it is the Commission's function to weigh the medical evidence, its resolution of the issue has the force and effect of a jury verdict. *Roberson v. Waste Management, supra; McClain v. Texaco, Inc., supra.*

■ Finally, appellant argues that there is no evidence to support the finding that appellee was totally incapacitated and still within his healing period after October 30, 1995, or that his alleged incapacitation was causally connected to his injury. Appellant relies on an outpatient disability evaluation note of that date from Dr. Stephen Horne:

> Patient has left arm pain, exact etiology unknown. It is, however, suspected that the patient is doing something at home, more than what he relates to me as he does have heavily calloused hands which I would not expect after this period of time and also, it appears that he has lateral epicondylitis which is a repetitive trauma type disorder and it is my suspicion that the man is doing some type of work at home that he is not relating to me.

However, in a letter dated April 18, 1996, speaking of Mr. Harris, Dr. Krin said:

> He has not been able to perform his usual and customary occupation since the accident on 21 December 1994, as seizure disorder is an absolute grounding condition for commercial truck drivers under DOT standards.
>
> The only thing that I can find as a cause of his continued seizures and headaches is the accident referred to above.

The Commission chose to accept the medical opinion of appellee's treating physician, Dr. Krin, over that of Dr. Horne. When the Commission chooses to accept the opinion of one physician over another, the courts are powerless to reverse the Commission's conclusion in this regard. *Jones v. Scheduled Skyways, Inc., supra; Hunter Wasson Pulpwood v. Banks, supra.*

Affirmed.

JENNINGS and CRABTREE, JJ., agree.