SYSTEMS CONTRACTING CORPORATION *v.*
Delbert REEVES

CA 03-826

151 S.W.3d 18

Court of Appeals of Arkansas
Division III
Opinion delivered March 3, 2004

*Michael E. Ryburn*, for appellant.

*Phillip Wells*, for appellee.

R OBERT J. GLADWIN, Judge. Systems Contracting Corporation appeals a decision of the Workers' Compensation Commission holding that appellee had rebutted the presumption contained in Ark. Code Ann. § 11-9-102(5)(B)(iv)(b) (Repl. 1996) (currently at 11-9-102(4)(B)(iv)(b) (Supp. 2003)) and proved by a preponderance of the evidence that the accident in which he was injured was not "substantially occasioned" by the use of illegal drugs. Appellant contends that the decision of the Commission is not supported by substantial evidence in that appellee did not overcome the presumption that arose when appellee's urine test showed positive for marijuana. We affirm.

On and before August 14, 2001, appellee was employed as a welder for appellant Systems Contracting Corporation. At the time of appellee's injury, appellant had a contract with Marine Terminals of Arkansas to weld and repair barges. The employees would meet at appellant's shop in the mornings, and appellant would then transfer the employees to the job site, which was on the river, in pickup trucks owned by Marine Terminals.

On the date of the injury, two trucks were used to transport six workers to the job site, three in each truck. One employee, Jason Stone, rode in the bed of the lead truck, a Dodge. Two employees, Jason Berry and appellee, rode in the bed of the other truck, a Chevrolet. The ALJ found that it was clear from the record that at the time of the incident appellant did not prohibit its workers from riding in the beds of the trucks, but that it did change this policy after appellee's accident. The trucks also carried equipment and supplies such as acetylene tanks, oxygen tanks, cutting torches, hoses, and various tools. The equipment was not secured, but was transported loosely. The five-minute trip to the job site involved going up and then down a steep levee towards the barge in the river.

Jason Berry testified that, as they were traveling to the job site, the brakes went out on the Chevrolet. He said he and appellee could tell that the truck they were riding in was going too fast. He stated that he heard the driver grinding the gears and that the truck began going faster and faster. He said that their options were to either sit in the truck while it rear-ended the other truck or ran off the barge into the river, or that they could jump off the side of the

truck and take their chances. He testified that considering what was ahead—a collision or driving off into the river—and the dangerous nature of the equipment in the bed of the truck, he made the decision that jumping off the truck was the best choice for him at that time. Appellee also jumped from the truck, as did the passenger in the bed of the Dodge. The Chevrolet truck then collided with the Dodge truck. All three workers who jumped from the truck beds sustained injuries. Appellee suffered a shattered left wrist and a broken left hip.

Following the accident, appellant required drug testing from those involved in the accident. Appellee tested positive for marijuana metabolites. Appellee admitted he had smoked marijuana the night before the accident. As a result of the positive drug test, appellant controverted the claim in its entirety.

The ALJ awarded benefits to appellee, finding that a preponderance of the evidence reflected that appellee's use of marijuana did not substantially cause the accident or injury on August 14, 2002, and that appellee effectively rebutted the presumption created under Ark. Code Ann. § 11-9-102. The ALJ relied on the following evidence in reaching his conclusion: appellee was observed by several of his co-workers before the accident occurred that morning, and none observed anything peculiar in his appearance or actions; appellee's action in jumping out of the truck was consistent with the action taken by two other employees; all of the employer's workers agreed that jumping off a moving truck containing dangerous pieces of equipment that could become projectiles upon impact was a rational decision; the employer knew or should have known the truck had faulty brakes; and it appeared that the driver may have been driving too fast for conditions. The ALJ also noted that the accident was caused by the negligence of the employer in failing to maintain its equipment, as well as in permitting dangerous equipment to be transported without being secured. The Commission noted that the pickup truck in which appellee was riding was actually owned by Marine Terminals; however, the employer did use the pickup truck to transport its employees. With that correction, the Commission affirmed and adopted the opinion of the ALJ.

Under our workers' compensation laws, a "compensable injury" does not include an injury where the accident was substantially occasioned by the use of illegal drugs. Ark. Code Ann. § 11-9-102(5)(B)(iv)(a). The statute further provides that the "presence of alcohol, illegal drugs, or prescription drugs used in

contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders." Ark. Code Ann. § 11-9-102(5)(B)(iv)(b). Once this rebuttable presumption arises, an injured employee is not entitled to compensation "unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or prescription drugs utilized in contravention of the physician's orders did not substantially occasion the injury or accident." Ark. Code Ann. § 11-9-102(5)(B)(iv)(d).

In reviewing an appeal from the Commission, we view the evidence in the light most favorable to the Commission's decision and affirm when that decision is supported by substantial evidence. *Flowers v. Norman Oaks Constr. Co.*, 341 Ark. 474, 17 S.W.3d 472 (2000). Such evidence exists if reasonable minds could reach the same conclusion. *Id.* Whether a rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine, and we must affirm the Commission unless we are persuaded that fair-minded persons, with the same facts before them, could not have reached the conclusion reached by the Commission. *Continental Express v. Harris*, 61 Ark. App. 198, 965 S.W.2d 811 (1998).

Given the testimony by appellee's coworkers that appellee was not acting as if he were impaired, that the brakes were bad on the truck, and that all of the employees involved in the situation agreed that appellee's action in jumping out of the truck was not only reasonable but wise, there was substantial evidence to support the Commission's decision that appellee had rebutted by a preponderance of the evidence the presumption that the accident was substantially occasioned by the use of an illegal drug.

Appellant contends that appellee's proof was not sufficient to overcome the presumption that his injury was substantially occasioned by the use of illegal drugs, citing the fact that appellee offered only his own testimony regarding the time at which he had smoked the marijuana the night before the accident. While it is true that the uncorroborated testimony of an interested party is never considered uncontradicted, this does not mean that the fact-finder may not find such testimony to be credible and believable or that it must reject such testimony if it finds the testimony worthy of belief. *Continental Express v. Harris, supra.* It is

well established that the credibility of witnesses and the weight to be given their testimony are matters exclusively within the province of the Commission. *Id.*

■ Appellant also argues that because appellee had failed to come forward with a material witness, his girlfriend, who could have substantiated his testimony that it was at six o'clock the evening before the accident when he had smoked the marijuana, the law presumes that this witness would have actually testified contrary to appellee's position. In *Arkansas Hwy. Comm'n v. Phillips*, 252 Ark. 206, 478 S.W.2d 27 (1972), the supreme court stated that the unexplained failure of a party to produce a witness with special knowledge of a transaction raises a presumption (or inference) that the testimony would be unfavorable. In this case, appellee's girlfriend could only have testified about what time he smoked marijuana the night before the accident. She could not have possessed any special knowledge relevant to the issue herein, which was whether the accident was substantially occasioned by appellee's use of an illegal drug. Appellee's failure to call this witness was therefore irrelevant under the facts of this case.

In arguing that appellee did not overcome the rebuttable presumption in Ark. Code Ann. § 11-9-102(5)(B)(iv)(b), appellant also relies on *Woodall v. Hunnicutt Constr.*, 340 Ark. 377, 12 S.W.3d 630 (2000), in which our supreme court affirmed the Commission's denial of benefits on facts very similar to those we have before us. In *Woodall*, the claimant fell when a scaffold collapsed, sustaining fractures to both of his heels. When he went to the emergency room for treatment, he was given a drug test, the result of which was positive for the presence of cocaine metabolites. The claimant admitted to having smoked a rock of crack cocaine the night before the accident. James Summerhill, a co-worker who was supervised by the claimant, testified that the claimant had instructed him to put together scaffolding. He said that he had nailed down one side of the scaffolding, but not the other, when the claimant told him that it would be all right, and that they then proceeded to utilize the scaffolding to put the roof together. When the board that the two workers were standing on fell off the scaffolding, the claimant fell to the ground and was injured.

Upon *de novo* review of the testimony in *Woodall*, the Commission found that the claimant had failed to prove by a preponderance of the credible evidence that his accident and

injury were not substantially occasioned by the use of cocaine, stating that the greater weight of the credible evidence established that appellant's accident was attributable to his impaired judgment. The supreme court noted that whether the rebuttable presumption set out in Ark. Code Ann. § 11-9-102(5)(B)(iv)(b) was overcome by the evidence was a question of fact for the Commission to determine and that it is the function of the Commission to determine the credibility of the witnesses and the weight to be given to their testimony. The court concluded that because our standard of review is whether reasonable men could have reached the same conclusion as the Commission, the case must be affirmed.

What appellant fails to take into account is that it was not the particular fact situation that was determinative in *Woodall*, but rather our standard of review. The court in *Woodall* noted that the only question it need address was whether the accident could have happened the way the Commission found, *i.e.*, whether the accident could have happened because of the use of illegal drugs. Here, we need only ask whether the Commission could have found that appellant proved by a preponderance of the evidence that the use of illegal drugs did not substantially occasion the injury or accident. As noted earlier, whether the rebuttable presumption is overcome by the evidence is a question of fact for the Commission. *Woodall, supra*. On appeal, the issue is not whether this court might have reached a different result from that reached by the Commission, or whether the evidence would have supported a contrary finding; if reasonable minds could reach the result shown by the Commission's decision, we must affirm the decision. *Wood v. West Tree Service*, 70 Ark. App. 29, 14 S.W.3d 883 (2000).

We think reasonable minds could interpret the evidence as did the Commission, and we therefore affirm the Commission's finding that appellee had rebutted the presumption that the accident was substantially occasioned by the use of illegal drugs.

Affirmed.

PITTMAN and BAKER, JJ., agree.