Rose A. DORRIS *v.*
TOWNSENDS of ARKANSAS, INC.

CA 05–292 218 S.W.3d 351

Court of Appeals of Arkansas
Opinion delivered November 30, 2005

*Murphy, Thompson, Arnold & Skinner*, by: *Tom Thompson*, for appellant.

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *Richard Lusby*, for appellees.

JOHN MAUZY PITTMAN, Chief Judge. The appellant filed a claim for workers' compensation benefits asserting that she sustained a compensable gradual onset injury to her left shoulder while shoveling ice in the course of her employment by appellee. At the hearing, appellant changed her contention to allege that the injury to her left shoulder was caused by a specific event rather than gradual onset. The Arkansas Workers' Compensation Commission denied benefits, finding that appellant failed to prove by a preponderance of the evidence that she sustained an injury to her left shoulder resulting from a specific incident, and thus failed to prove the elements necessary to establish a compensable specific incident injury. On appeal, appellant contends that the Commission's finding is not supported by substantial evidence. We do not agree, and we affirm.

■ In reviewing decisions of the Arkansas Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Wal-Mart Stores, Inc. v. Sands*, 80 Ark. App. 51, 91 S.W.3d 93 (2002). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *White v. Georgia-Pacific Corp.*, 339 Ark. 474, 6 S.W.3d 98 (1999). Where, as here, the Commission has denied a claim because of the claimant's failure to meet his burden of proof, the substantial evidence standard of review requires that we affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Williams v. Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979).

■ Gradual onset injuries are compensable only under limited conditions under the Arkansas Workers' Compensation Law; in contrast, accidental injuries, caused by a specific incident and identifiable by time and place of occurrence, are generally compensable. *Compare* Ark. Code Ann. § 11-9-102(4)(A)(i) and (ii) (Supp. 2005). In finding that appellant failed to prove that her injury was the result of a specific incident, the Commission relied upon the testimony of Ms. Faye Shales, appellee's medical department supervisor. Ms. Shales stated that she helped appellant file the first report of injury on October 16, 2001, and that appellant described the injury to her as something that gradually happened to her shoulder after shoveling ice the previous month. The Commission also relied upon evidence that the worker's compensation forms completed and signed by appellant stated that this was a gradual onset injury.

The appellant testified at the hearing that she was injured by a specific incident in August during which, while pushing hard with her shovel against the ice, she felt a sudden pain in her shoulder as if someone had hit her and that she immediately reported this to the nurse but that it was not recorded. She also stated that she subsequently returned to the nursing station almost every day with complaints of shoulder pain until Ms. Shales ultimately helped her fill out the injury report on October 16,

2001. Finally, appellant stated that she did not know what "gradual onset" meant and that she put that on the injury report because she was instructed to do so by Ms. Shales.

 The question of the sufficiency of the evidence in this case turns largely upon the credibility of the witnesses. The Commission is not required to believe the testimony of the claimant or any other witness. The testimony of an interested party is always considered to be controverted. *Continental Express v. Harris*, 61 Ark. App. 198, 965 S.W.2d 811 (1998). Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Arkansas Department of Health v. Williams*, 43 Ark. App. 169, 863 S.W.2d 583 (1993). It is the responsibility of the Commission to draw inferences when the testimony is open to more than a single interpretation, whether controverted or uncontroverted, and when it does so, its findings have the force and effect of a jury verdict. *Service Chevrolet v. Atwood*, 61 Ark. App. 190, 966 S.W.2d 909 (1998). Although appellant's testimony quite clearly would have supported a finding that her injury was the result of a specific incident, the ·question on appeal is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case *de novo. CDI Contractors v. McHale*, 41 Ark. App. 57, 848 S.W.2d 941 (1993). On this record, we cannot say that no reasonable, fair-minded persons could have reached the conclusion arrived at by the Commission, and we must therefore affirm.

Affirmed.

GLADWIN, ROBBINS, and BIRD, JJ., agree.

NEAL and BAKER, JJ., dissent.

OLLY NEAL, Judge, dissenting. I respectfully dissent from the affirmance of this case because I believe that appellant's left shoulder injury was identifiable by time and place of occurrence. Thus, I would reverse and remand for an award of benefits.

The issue here is whether reasonable minds could reach the result found by the Commission. *See Swaim v. Wal-Mart Assoc., Inc.*, 91 Ark. App. 120, 208 S.W.3d 837 (2005). In *Edens v. Superior*

*Marble & Glass*, 346 Ark. 487, 58 S.W.3d 369 (2001), the supreme court held that Ark. Code Ann. § 11-9-102(4)(A)(i) only requires that the claimant prove that the occurrence of the injury is capable of being identified. It does not require that the exact date be identified. *Id*. Accordingly, the Court held that the claimant's ability to provide an exact date of her injury was not fatal to the claim, arguably because all of the dates considered were reasonably close in proximity, and thus, reasonably susceptible to identification as to a time and place.

In the instant case, the ALJ's opinion, which was adopted by the Commission, provided in part as follows:

> [Claimant] contends that she was using a shovel to break up ice in August of 2001, when she experienced the immediate onset of pain in her left should[er], which she reported to the plant nurse. However, the testimony of Faye Shales [sic], the plant nurse, contradicts the claimant's testimony. In this regard, Ms. Shales [sic] testified that the claimant reported a gradual onset of left shoulder pain. Workers' compensation forms completed and signed by the claimant also state that the condition was a gradual onset injury[.]

There is also contrary evidence provided by Schales's testimony. Schales testified that:

> I helped Rose Dorris fill out the first report of injury, and I signed it on October 16, 2001. The report states gradual onset and August 2001. *I wrote the note about gradual onset*. And later in the report it states that the accident occurred while the employee was using a shovel to chip ice, to cool the chicken feet down. I wrote that information, based on the information given to me by Rose. Rose told me that the pain started when she was shoveling ice. . . . If Ms. Dorris says that she came in and said something to me about her shoulder bothering her before October 16, 2001, I would believe her. . . . Every employee has a daily log. If an employee comes in with a complaint of an ache or pain that's not related to a specific incident, I don't always report it. Just because the log doesn't reflect an occasion in August of 2001 of Ms. Dorris doesn't mean that she didn't come in and complain. *I knew prior to this litigation that she was complaining of a specific accident*; I knew before the form "N" was filled out. When I helped her fill out the "N" form, I wrote in gradual onset. I'm not sure if Rose Dorris even knows what that means. *The only thing she told me was that she was using a shovel to chip ice up to cool feet down*. We talked about gradual onset, if it was a specific

incident or if it was something that just gradually started happening with her shoulder, and she told me it was gradual onset.... *On form "N," Rose states that she was using a shovel to chip ice up to cool feet down, and to me, that would indicate a specific incident.*

(Emphasis added.)

In addition to this testimony, there was also testimony from several other persons that would indicate that appellant's injury was identifiable by time and place of occurrence. Appellant's supervisor, David Kunkel, testified that appellant came to him and told him that she had hurt her shoulder while shoveling the ice. Also, Dr. J.D. Allen's deposition testimony indicated that he first saw appellant for a left rotator cuff injury in November 2001. He stated that his notes showed she was there for a recheck, but that he had not seen her for that problem before and that it was only used to indicate that she was not a new patient. Dr. Allen admitted that he was not a good narrator but that he did remember appellant talking about an incident in which she was doing something with a shovel. He acknowledged that appellant filled out the paperwork and noted that she hurt herself while shoveling ice at work. The injury date found on the paperwork was October 16, 2001—the date that Schales assisted appellant in completing the Form N.

I believe that this case turns on whether reasonable minds, given this contrary testimony, could have reached the decision of the Commission. Although the Form N was signed on October 16, 2001, Faye Schales recognized that the form provided that appellant hurt her shoulder while shoveling partially frozen ice. This form further provided that appellee was notified of the accident in "Augest" [sic]. The other form, filled out by Schales, also indicated the date of "8/2001" as the date appellee was notified of the injury and that appellant hurt her left shoulder while she was in the foot room shoveling ice. Both Kunkel and Dr. Allen recalled appellant telling them that she hurt her left shoulder at work while shoveling ice. Furthermore, Dr. Allen's notes from November 2001 indicated that appellant presented "with a three-month history of left shoulder pain," placing appellant's injury in August 2001.

For the foregoing reason, reasonable minds could not reach the decision of the Commission; therefore, I respectfully dissent.

BAKER, J., joins.