2010 Ark. App. 311

**Darrell W. DIGGS, Appellant**

v.

**CATTLEMEN'S LIVESTOCK MAR-
KET, INC., and Commerce & Industry
Insurance Company, Carrier, Appel-
lees.**

No. CA 09–1099.

Court of Appeals of Arkansas.

April 14, 2010.

Rehearing Denied May 26, 2010.

Shannon Muse Carroll, Lane, Muse, Arman & Pullen, Hot Springs, AR, for appellant.

Jarrod S. Parrish, Worley, Wood & Parrish, P.A., Little Rock, AR, for appellees.

ROBERT J. GLADWIN, Judge.

This is the second time this case is before us, this time following the August 6, 2009 opinion of the Workers' Compensation Commission (Commission). In *Diggs v. Cattlemen's Livestock Market, Inc.*, 2009 Ark. App. 249, 306 S.W.3d 20, we reversed the May 21, 2008 decision of the Commission denying additional benefits and remanded for a full examination of the relevant evidence presented. On remand, the Commission again reversed the original September 5, 2007 decision by the Administrative Law Judge (ALJ), finding that appellant Darrell W. Diggs did not prove he was entitled to additional medical treatment in the form of lower-back surgery, additional temporary-total-disability benefits, or attorney's fees. Appellant contends that the Commission failed to follow this court's instructions to make a full examination of the relevant evidence presented. We disagree and affirm.

We refer to the previous opinion of this court regarding the underlying facts of this case and note that the only new occurrence was the additional review of the relevant evidence by the Commission upon remand. In its August 6, 2009 opinion, the Commission included additional references to medical records and opinions provided by James Huffman, PA–C, Dr. John R. Pace, Dr. Scott W.F. Carle, Dr. Darin K. Wilbourn, Dr. William E. Ackerman, Dr. Steven L. Cathey, and Dr. Reza Shahim in support of its reversal of the original award of additional benefits by the ALJ. Appellant filed a timely notice of appeal, and this appeal followed.

In appeals involving claims for workers' compensation, this court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *See Kimbell v. Ass'n*

*of Rehab Indus. & Bus. Companion Prop. & Cas.,* 366 Ark. 297, 235 S.W.3d 499 (2006). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm the decision. *Id.* We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Dorris v. Townsends of Ark., Inc.,* 93 Ark.App. 208, 218 S.W.3d 351 (2005).

Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Patterson v. Arkansas Dep't of Health,* 343 Ark. 255, 33 S.W.3d 151 (2000). When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and to determine the true facts. *Id.* The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony that it deems worthy of belief. *Id.*

The Commission has the authority to accept or reject medical opinions, and its resolution of the medical evidence has the force and effect of a jury verdict. *Poulan Weed Eater v. Marshall,* 79 Ark. App. 129, 84 S.W.3d 878 (2002). Thus, we are foreclosed from determining the credibility and weight to be accorded to each witness's testimony. *Arbaugh v. AG Processing, Inc.,* 360 Ark. 491, 202 S.W.3d 519 (2005). As our law currently stands, the Commission hears workers' compensation claims de novo on the basis before the ALJ pursuant to Ark.Code Ann. § 11–9–704(c)(2) (Repl.2002), and this court has stated that we defer to the Commission's authority to disregard the testimony of any witness, even a claimant, as not credible. *See Bray v. International Wire Group,* 95 Ark.App. 206, 235 S.W.3d 548 (2006).

While the Commission may be insulated to a certain degree, it is not so insulated to render appellate review meaningless. *See Freeman v. Con–Agra Frozen Foods,* 344 Ark. 296, 40 S.W.3d 760 (2001). Likewise, the Commission may not arbitrarily disregard evidence in support of a claim. *Id.*

Although he acknowledges that the Commission recited additional parts of his medical history as related to this claim in its new opinion dated August 6, 2009, appellant submits that the Commission disregarded this court's instructions to make a full examination of the relevant evidence presented. He maintains that the mere recitation of additional medical evidence is as far as the Commission went in its reexamination. The Commission broadly stated that they believe the opinions of Drs. Carle, Cathey, and Ackerman should carry greater weight than those of Drs. Pace and Shahim, which resulted in the denial of appellant's claim for additional medical treatment and temporary-total-disability benefits from June 30, 2005, to a date yet to be determined. He charges that the medical evidence, while recited in great detail, is never examined or discussed by the Commission. Appellant sets out the following portions of the most recent opinion from the Commission:

> The Full Commission finds that the claimant did not prove surgery as recommended by Dr. Shahim was reasonably necessary in connection with the January 20, 2005 compensable injury. The Full Commission has reviewed all of

the medical examinations, treatments of record, and medical opinions concerning the claimant's condition. The Full Commission has also reviewed each and every diagnostic test, including the February 16, 2005 MRI; the April 26, 2005 electrodiagnostic testing; the November 7, 2006 MRI; and the December 2006 lumbar myelogram. We find that the expert opinions of Dr. Ackerman and Dr. Cathey are entitled to significant weight. Dr. Pace did not expressly opine in his June 2006 deposition testimony that surgery would benefit the claimant. Dr. Pace actually recommended additional diagnostic testing and pain management treatment.

We recognize that Dr. Shahim recommended at least one, possibly two surgeries in the form of decompression and fusion. It is within the Commission's province to weigh all of the medical evidence and to determine what is most credible.

. . . .

[T]he Full Commission finds that the opinions of Dr. Carle, Dr. Ackerman, and Dr. Cathey are entitled to significant evidentiary weight. We find that these doctors' opinions are entitled to more probative weight than the opinions of Dr. Pace and Dr. Shahim. The Full Commission finds that the claimant did not prove that surgery as recommended by Dr. Shahim was reasonably necessary in connection with the claimant's January 20, 2005 compensable injury.

Appellant maintains that the above-referenced statements by the Commission do not provide any articulated basis for the decision to grant more probative weight to the opinions of Drs. Carle, Ackerman, and Cathey over the opinions of appellant's treating physicians. He contends that the Commission failed to provide any reasoned evaluation of the medical evidence, instead merely restating the broad reliance on the opinions of two disability physicians—neither of whom are neurosurgeons—and a one-time-only medical evaluation by a board-certified neurosurgeon over the opinions of two board-certified neurosurgeons who provided long-term care and treatment to appellant. Appellant also alleges that the Commission failed to address the clear inconsistency of supporting the opinions of Drs. Carle and Ackerman, who are not neurosurgeons, and Dr. Cathey, who performed a one-time examination of appellant while discrediting the additional medical treatment and surgical recommendations of Drs. Pace and Shahim—both board-certified neurosurgeons who were treating physicians of appellant.

In summary, appellant submits that the Commission has made a decision that "flies in the face of reason" when one looks at the credentials of the physicians involved, particularly when viewed in conjunction with the fact that appellant has an obvious neurological problem. He urges that the Commission's decision must be based on reasoned evidence such that it can pass the substantial-evidence standard of review. Appellant maintains that the current opinion cannot, as the Commission has provided no reasoning for its determination.

Appellees disagree and claim that the record clearly indicates that, upon remand, the Commission reviewed all of the evidence and testimony presented at the hearing, including the numerous medical reports cited by appellant in his most recent brief. They maintain that the Commission carried out its duty by evaluating the conflicting medical evidence and reaching the conclusion that appellant failed to establish entitlement to additional medical and indemnity benefits.

Appellees suggest that this court remanded the case based upon statements in

the original decision of the Commission dealing with Dr. Pace's reference that muscle atrophy served as the objective basis for his desire to perform spine surgery. On remand, the Commission reviewed the reports of Dr. Shahim, as well as the reports and testimony from Dr. Pace. Appellees assert that the Commission properly weighed the opinions of all five physicians involved in the claim and made the determination that the opinions of Drs. Ackerman, Carle, and Cathey carried greater weight than that of Drs. Pace and Shahim.

We agree with the appellees that this is a classic case of dueling doctors. The various physicians involved provided their opinions based upon their examinations and review of the medical evidence in the case. Appellees argue that the Commission properly resolved the conflicting medical evidence, and the fact that the Commission did not rule in appellant's favor does not mean that the Commission "arbitrarily disregarded" evidence or strayed from its duty.

The three physicians heavily relied upon by the Commission all opined that appellant's symptoms and complaints do not correlate with the MRI findings, and the only objective evidence to support a need for surgery that Dr. Pace could refer to was the perceived "muscle wasting" in appellant's left calf. Dr. Shahim only opined as to his "suspicions" concerning what "most likely" caused appellant's alleged problems and failed to identify any new objective problems that warranted surgery. Appellees urge that any difficulty appellant may have had working was not attributable to an acute, work-related injury at that point. They assert that he suffered a musculoskeletal injury superimposed over degenerative problems that predate his employment with appellee/employer.

The primary issue at the hearing was appellant's claim for entitlement to surgery originally recommended by Dr. Pace. Specifically, appellees point to medical records that indicate that appellant has suffered from problems in his left hip as early as July 2002, and the MRI results that indicate an ongoing degenerative process separate and apart from the strain/sprain he suffered while working for them. Additionally, the records indicate that appellant received treatment for fairly severe lower-back problems in 2002 from a chiropractor named Dr. Hutson. Appellant has a recurring diagnosis of sacroiliac-joint pain, which causes chronic problems in his left leg and hip. Appellant acknowledged that he had not had any type of surgery or other interventional procedures to treat these chronic problems. He has also acknowledged that one of his legs is longer than the other, that he had been prescribed a heel lift to wear in his left shoe, and that he has bilateral clubbed feet. Appellant's testimony at the hearing corroborated Dr. Carle's report that he had "bilateral calf atrophy, secondary to peripheral musculoskeletal disorder in the form of talipes equinovarus (clubbed feet)."

The opinions of Drs. Cathey, Carle, and Ackerman detail the reasons why they did not think appellant was a good candidate for surgery. Appellees note Dr. Pace's deposition testimony, in which he admitted that he was not aware of any difference in the length of appellant's legs or any problems appellant had in his feet or legs; however, he also referred to the perceived "muscle wasting" in appellant's left calf that he had not seen in March 2005. Appellees point out that Dr. Pace's notes from March 2005 fail to indicate that he examined or measured appellant's calves at any time during his examinations of appellant during that time period. Dr. Pace did concede in his deposition that the

difference in the length of appellant's legs could definitely cause pain in his hips and sacroiliac joint. Appellees maintain that Dr. Pace's opinions are based upon inaccurate or incomplete information, and that the Commission was right to rely more heavily on Dr. Cathey's opinion.

Part of the justification for the remand was the perception that the Commission had mistakenly linked Dr. Pace's erroneous factual assumptions to Dr. Shahim's opinion. But, appellees note that appellant argued below that Drs. Pace and Shahim had made similar recommendations and that "both Dr. Shahim and Dr. Pace have noted muscle wasting of [a]ppellant's left extremity. This is an objective sign of continued deterioration of [a]ppellant's condition." Appellees submit that appellant has now abandoned what he argued was objective evidence of the need for surgery by claiming that Dr. Shahim's surgical recommendation can stand alone. Evidence indicates that Dr. Shahim had been made aware of Dr. Pace's recommendations since he had been provided with all of appellant's prior medical records. Dr. Shahim did not note any new objective findings that had not previously shown up on appellant's diagnostic studies except for an annular tear at L4–5 and L5–S1. Appellees assert that if Dr. Pace's opinion is properly discounted, appellant is left simply with Dr. Shahim's "suspicion" of what "most likely" contributed to appellant's alleged problems. They maintain that the Commission evaluated those suspicions and compared them to the other unequivocal conflicting medical opinions in their determination of appellant's claim.

Despite appellant's continued challenge of the credentials of the physicians relied upon by the Commission, Drs. Ackerman, Cathey, and Carle, and his claim that this is not a case of dueling doctors because the doctors involved do not have equal qualifications and did not provide equal care or spend equal time with appellant, we hold that the Commission does appear to have weighed all the conflicting medical opinions in this case and, as is in their province, decided which way to resolve that conflict. We disagree with appellant's contention that the evidence fails to support the findings made by the Commission. This court is obligated to affirm if substantial evidence supports the Commission's conclusions, and based upon our review, we hold that such evidence does exist. Appellant is not entitled to a reversal based on his disapproval of the Commission's determination.

Affirmed.

KINARD and GLOVER, JJ., agree.